UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAYMAN NATIONAL BANK, LTD.,

    Petitioner,

v.                                                Case No.  8:06-mc-50-T-24 MAP

UNITED STATES,

    Respondent.
_____/

## ORDER

This cause comes before the Court on Cayman National Bank's Motion to Dismiss the United States' Cross-Petition to Enforce Summons for Lack of Subject Matter Jurisdiction, or in the Alternative, for Stay of Enforcement.  (Doc. No. 33).  The United States opposes the motion. (Doc. No. 35).  Cayman National Bank has filed a reply to the United States' opposition.  (Doc. No. 41).

**I.  Background**

The Internal Revenue Service ("IRS") is conducting an investigation of Robert A. Penrod for the purpose of collecting assessed, unpaid income taxes.  (Doc. No. 15: Shatraw affidavit, ¶ 3).  The IRS learned that Penrod had prior business dealings with Cayman National Bank, Ltd. ("Cayman National"); specifically, Penrod had guaranteed a loan made by Cayman National that went into default.  (Doc. No. 15: Shatraw affidavit, ¶ 4).

Cayman National secured a Tampa attorney regarding possible collection actions against Penrod and another guarantor (Fred Streck), since both guarantors were believed to be domiciled in Florida.  (Doc. No. 4: Mueller affidavit, ¶ 3).  Thereafter, Cayman National obtained a judgment against Penrod and Streck in the Grand Court of George Town in the Cayman Islands.

(Doc. No. 4: Mueller affidavit, ¶ 5). On March 27, 2006, Cayman National filed a copy of the judgment in Hillsborough County against Streck. (Doc. No. 4: Mueller affidavit, ¶ 8; Doc. No. 2, Ex. B and C). Cayman National is now involved in litigation against Streck in Hillsborough County. (Doc. No. 4: Mueller affidavit, ¶ 10).

On May 3, 2006, the IRS served a summons on Cayman National for documents relating to the transaction that resulted in Cayman National's judgment against Penrod. (Doc. No. 4: Mueller affidavit, ¶ 9; Doc. No. 2, Ex. E). The summons was mailed to Cayman National, care of John Mueller, in Tampa, Florida. Mueller is one of the Tampa attorneys employed by the law firm retained by Cayman National regarding the collection efforts against Penrod and Streck in Florida.

Cayman National filed a petition to quash the summons in this Court. (Doc. No. 1). In response, the United States filed a petition to enforce the summons. (Doc. No. 14). Cayman National now moves this Court to dismiss the United States' petition to enforce the summons due to lack of subject matter jurisdiction.

## II.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

In its petition to enforce the summons, the United States stated that this Court had jurisdiction over the matter pursuant to 26 U.S.C. § 7402(b) and § 7604(a). Section 7402(b) provides: "If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data." Likewise, § 7604(a) provides: "If any person is summoned under the internal revenue laws to appear, to

testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data."

Cayman National argues that §7402 and § 7604 provides this Court with subject matter jurisdiction over the petition to enforce the summons only if Cayman National "resides" or is "found" within the Middle District of Florida.  Cayman National argues that since it does not reside within this district, nor can it be found here, this Court lacks subject matter jurisdiction over the United States' petition.  The United States responds that the "resides" or "found" provisions in §7402 and § 7604 do not go to a court's subject matter jurisdiction, but instead, those provisions are a personal jurisdiction requirement.  Alternatively, the United States argues that Cayman National is found within this district.[1]

In support of its argument that the "resides" or "found" provisions in §7402 and § 7604 go to a court's subject matter jurisdiction, Cayman National points to various cases that have found that a similar statute, 26 U.S.C. § 7609(h), describes a court's subject matter jurisdiction.  Section 7609(h) provides: "The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g)."[2]

Various courts have found that the similar "resides" or "found" provisions in § 7609(h) go to a court's subject matter jurisdiction.  See, e.g., Fortney v. U.S., 59 F.3d 117, 119 (9th Cir.

---

[1] The United States concedes that Cayman National does not reside within the Middle District of Florida.  (Doc. No. 35, p. 4).

[2] 26 U.S.C. § 7609(b)(2) addresses proceedings to quash a summons.

1995)(finding that the district court lacked subject matter jurisdiction over the summoned party because it did not reside, nor was it found, within the district of the district court); Deal v. U.S., 759 F.2d 442, 444 (5th Cir. 1985)(finding that the district court correctly determined that it lacked subject matter jurisdiction over the case); Masat v. United States, 745 F.2d 985, 987 (5th Cir. 1984)(stating that "[j]urisdiction to hear and to determine a taxpayer's petition to quash rests with '[t]he United States district court for the district within which the person to be summoned resides or is found'"); Serban v. Chynoweth, 2006 WL 3001172, at *3 (E.D. Cal. Oct. 19, 2006)(dismissing petition to quash for lack of subject matter jurisdiction because the summoned parties were not located within the district); Oldham v. U.S., 2002 WL 31274046, at *3 (D. Or. Sept. 16, 2002)(stating that "[s]ubject matter jurisdiction over a petition to quash an IRS summons lies in the 'United States district court for the district within which the person to be summoned resides or is found'"); U.S. v. Arnold, 2001 WL 933549, at *1 (M.D. Fla. July 5, 2001)(stating that when the summoned parties "are not located in the district where the petition to quash has been filed the court does not have subject matter jurisdiction over the summonses"); Harrison v. U.S., 2000 WL 1358682, at *2 (D. Md. July 31, 2000); Dennis v. U.S., 660 F. Supp. 870, 873 (C.D. Ill. 1987); Dial v. U.S., 599 F. Supp. 475, 476 (S.D. Tx. 1984).  This Court is persuaded that the similar "resides" or "found" provisions in §7402 and § 7604 also describe a court's subject matter jurisdiction.  See U.S. v. Bosset, 2001 WL 1692532, at *1 (M.D. Fla. Nov. 20, 2001)(stating that subject matter jurisdiction was satisfied and citing § 7402(b) and § 7604(a) in support); Merritt v. C.I.R., 1999 WL 1285459, at *1 (N.D. Cal. Dec. 3, 1999)(citing to § 7402(b) and § 7604 and stating that "[a] district court . . . has subject matter jurisdiction of a motion to enforce a summons directed to a third party record keeper only of the third party

4

'resides or may be found within' the district"); U.S. v. Sommer, 1981 WL 1747, at *2 (N.D. Ill. Jan. 30, 1981)(stating that the court had subject matter jurisdiction under § 7402(b) and § 7604(a)). As such, the Court rejects the United States' argument that the "resides" or "found" provisions in §7402 and § 7604 describe personal jurisdiction.

Having found that the "resides" or "found" provisions in §7402 and § 7604 go to a court's subject matter jurisdiction, the Court must determine whether Cayman National is found in the Middle District of Florida. Cayman National is a subsidiary of Cayman National Corporation, a corporation that is located in the Cayman Islands. (Doc. No. 21: Balderamos affidavit, ¶ 1). Cayman National does not have any branches or offices in the United States, nor does it have any agents for service of process in the United States. (Doc. No. 21: Balderamos affidavit, ¶ 12). As such, Cayman National argues that it is not found within the Middle District of Florida.

The United States responds that Cayman National is found within this district because Cayman National chose to do business with United States citizens (Penrod and Streck), retained a Tampa law firm in order to pursue collection efforts against Penrod and Streck in this district, and filed its petition to quash the summons in this district. The Court rejects the United States' argument.

While there is not a lot of case law regarding what constitutes being "found" within a district, this Court finds persuasive those cases that have addressed the issue and have required the actual physical presence of the summoned party within the district in order for the summoned party to be considered "found" within the district. See, e.g., Williams v. U.S., 2005 WL 3105404, 96 A.F.T.R.2d 2005-6747, at *2005-6749 (E.D. Tenn. July 29, 2005)(finding that the

summoned parties were not found within the district because there was no evidence that those entities maintained an actual physical presence within the district); Oldham v. U.S., 2002 WL 850205, at *2 (D. Or. March 21, 2002)(finding that the branch office test was an appropriate test for determining whether a summoned party was found within the district, because it required a physical presence within the district and was consistent with "the limited case law which requires something more than a Due Process analysis of minimum contacts"). Given that there has been no evidence that Cayman National has an actual physical presence within this district, the Court finds that Cayman National is not found within this district. The Court is not persuaded that Cayman National's limited activities within this district are sufficient to cause it to be found within this district.

Based on the above, the Court finds that it lacks subject matter jurisdiction over the petition to enforce the summons, since Cayman National does not reside, nor is it found, within the Middle District of Florida. As such, Cayman National's motion to dismiss must be granted.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Cayman National Bank's Motion to Dismiss the United States' Cross-Petition to Enforce Summons for Lack of Subject Matter Jurisdiction, or in the Alternative, for Stay of Enforcement (Doc. No. 33) is **GRANTED TO THE EXTENT THAT** the Court dismisses without prejudice the United States' cross-petition to enforce the summons for lack of subject matter jurisdiction. The Clerk is directed to close this case and to terminate all pending motions and the pending Report and Recommendation.[3]

---

[3] The Court did not consider the Report and Recommendation that the Magistrate Judge issued on the petition to enforce the summons, since this Court has found that it lacks subject matter jurisdiction over the petition to enforce summons.

**DONE AND ORDERED** at Tampa, Florida, this 26th day of February, 2007.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record